

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,

        Respondent,

v.

FRANKLIN B. ARMSTRONG, JR.,

        Appellant.

No. SD38582

**Filed:  October 9, 2025**

### APPEAL FROM THE CIRCUIT COURT OF WRIGHT COUNTY

Honorable R. Craig Carter, Judge

### **AFFIRMED**

Following a jury trial, Franklin B. Armstrong, Jr., ("Defendant") was convicted of first-degree child molestation (Count 1), sexual misconduct involving a child (Count 2), first-degree statutory sodomy (Count 3), first-degree statutory rape (Count 4), and first-degree endangering the welfare of a child (Count 5); *see* sections 566.067, 566.083, 566.062, 566.032, and 568.045 RSMo. Cum.Supp. (2017). In one point, Defendant argues the trial court plainly erred in failing to declare a mistrial *sua sponte* after the State referenced Defendant's request for jury instructions on the lesser included charges in its

closing argument. We decline plain error review and affirm the judgment.

**Factual and Procedural Background**

At trial, the State presented testimony of S.W. ("Victim") detailing four specific instances of sexual abuse by Defendant, testimony from several witnesses, and forensic evidence. Defendant elected to testify on his own behalf and maintained he was not guilty of the charged crimes. At Defendant's request, the jury was instructed on the lesser included charges on Count 1 (second-degree and third-degree child molestation), Count 3 (second-degree statutory sodomy), and Count 4 (second-degree statutory rape).

In the State's closing argument, counsel began explaining the instructions by stating:

> So this is where it gets a little more complicated. Okay? So bear with me. This is the State's jury instruction. This is what Mr. Tyrell and I have chosen to charge this Defendant with. This is what we are asking you to consider. However, the Defendant is allowed to ask you to consider lesser charges. So if you find him guilty, maybe don't find him guilty of the higher charge, because in the State of Missouri we have degrees of charges. It could be first degree, second degree, third degree and so on.

Counsel then referred to each "first-degree" charge as "our charge" and to the lesser included charges as Defendant's charges throughout the argument without objection.[1]

Defendant's counsel also asked the jury to find Defendant "not guilty of all counts, or, if you feel the State has met the burden, we ask you to consider the lesser of included charges." (Citation modified.) The jury found Defendant guilty on all charged offenses.

---

[1] The State admits "telling the jury that an instruction was submitted at Defendant's request is improper."

**Discussion**

Defendant concedes that he did not preserve his sole claim of error for appellate review. As a general matter, this Court does not review unpreserved claims of error. *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020). We may exercise discretion, however, to review plain errors affecting substantial rights where the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *Id.* The error Defendant alleges is the circuit court's failure "to declare a mistrial" during the aforementioned portion of the State's closing argument. Whether to grant a mistrial is left to the discretion of the circuit court because it "is in the best position to observe the impact of the problematic incident." *State v. Boyd*, 659 S.W.3d 914, 926 (Mo. banc 2023). A circuit court should declare a mistrial *sua sponte* "only in exceptional circumstances." *Id.* Defendant also must establish the error was outcome-determinative. *State v. Bodine*, 702 S.W.3d 514, 517 (Mo.App. 2024).

Here, Defendant asserts the exceptional circumstance supporting his request for plain error review was the trial court's failure to *sua sponte* declare a mistrial which resulted in manifest injustice because Defendant had presented facts, and had argued, for an acquittal. Defendant further alleges the State's improper reference to the instructions undermined his right to present a defense and maintain his innocence by suggesting he was willing to accept some culpability for the charged conduct.

Defendant's argument fails because he cannot facially demonstrate a manifest injustice or miscarriage of justice resulted from the trial court's failure to *sua sponte*

3

declare a mistrial. Further, Defendant does not and cannot establish the error was outcome-determinative. ***Id.***

The State correctly argues these facts are analogous to ***State v. Kempker***, 824 S.W.2d 909 (Mo. banc 1992), where the defendant argued the circuit court should have intervened *sua sponte* when the prosecutor during closing argument improperly commented on the defendant's failure to testify. ***Id.*** at 911.

> The absence of an objection is fatal to the defendant's contention. Had objection been made the trial judge could have taken appropriate steps to make correction. The defendant was not necessarily entitled to a mistrial. The judge could consider the state of the evidence and the apparent effect on the jury and might conclude that it would be sufficient to sustain the objection and then caution the jury if requested. Defense counsel did not give him this chance.

***Id.*** (citation modified). "Even highly improper remarks in closing argument have been found not to constitute plain error meriting relief because the remarks did not have a decisive effect on the jury." ***State v. Blue***, 655 S.W.3d 396, 402 (Mo.App. 2022) (citation modified).

In this instance, the trial court properly instructed the jury before closing argument that they "must not single out certain instructions, and disregard others," and "the charge of any offense is not evidence and it creates no inference any offense was committed or that the Defendant is guilty of an offense." (Citation modified.) The court also instructed the jury that closing arguments are "intended to help you in your understanding of the evidence and applying the law, but they are not evidence." "Absent a showing to the contrary, we presume the jurors followed the court's instruction." ***State v. Morgan***, 366 S.W.3d 565, 582 (Mo.App. 2012) (citation modified). We presume the jury did not take

the closing arguments as evidence, nor did they infer any guilt from the charges, as they were instructed not to do so.

Defendant argues he was unable to maintain his innocence because the State's comments "cornered Defendant into asking the jury to either acquit him or find him guilty of a lesser included offense during closing argument, despite Defendant's asserted defense that he never touched Victim inappropriately." (Citation modified.) While the State told the jury Defendant requested the lesser included charges, Defendant failed to object at any time until this appeal.

> Where a trial court observes potentially improper closing argument by the prosecutor (even with potential "manifest injustice" or "miscarriage of justice" level prejudice implications), defendant's silence or request for relief other than mistrial gives the trial court every impression of defendant's exercise of his right to reach "the verdict of a jury he might believe favorably disposed to his fate."

*State v. Rinehart*, 543 S.W.3d 640, 645-46 (Mo.App. 2018) (citation modified). Defendant's contemporaneous silence gave the trial court such an impression, and discredits the idea his counsel felt "cornered" by the State's closing argument. *Id.* At the end of his closing argument, Defendant's counsel asked the jury to find Defendant "not guilty of all counts, or, if you feel the State has met the burden, we ask you to consider the lesser of included charges." (Citation modified.) Defendant did maintain his presumption of innocence before the jury. Under this presumption of innocence, the jury was able to consider Victim's testimony, the testimony of five additional witnesses, and six exhibits submitted by the State against Defendant's own testimony while finding

5

Defendant guilty. Defendant has not shown that the State's improper comments during closing argument were outcome-determinative.

Considering the entire record, Defendant has failed to establish that manifest injustice or a miscarriage of justice resulted, and we find that no error, plain or otherwise, occurred. Accordingly, we decline to grant plain error review.

**Conclusion**

The judgment of the trial court is affirmed.

BECKY J. WEST, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MATTHEW P. HAMNER, J. − CONCURS